IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-114-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| EDGAR MUNOZ-MEZA | ) | |

This matter is before the Court on Defendant's Motion for Copies of Plea and Sentencing Transcripts [DE 68 & DE 76][1] and the Government's Motion to Dismiss [DE 72]. In this posture, the matter is ripe for adjudication.

The circumstances under which the court may provide an indigent criminal defendant a copy of his transcript at the court's expense are addressed by 28 U.S.C. § 753 (f). Specifically, section 753(f) states that a free transcript shall be provided to an indigent criminal defendant to bring an action pursuant to 28 U.S.C. § 2255 "if the trial judge...certifies that the suit...is not frivolous and that the transcript is needed to decide the issue presented by the suit. . . ." 28 U.S.C § 753 (f); *see also United States v. MacCollom*, 426 U.S. 317, 326 (1976). Additionally, an indigent defendant must make a showing of a particularized need to obtain a free transcript. *See United States v. Hill*, 34 F. App'x 942, 943 (4th Cir. 2002). An indigent defendant may not obtain a free transcript "merely to comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963).

In this case, Mr. Munoz-Meza's motion for a free transcript does not state any

---

[1] Mr. Munoz-Meza filed virtually identical motions on July 25, 2011, and August 22, 2011, the only substantive difference appearing to be a correction of his date of sentencing from November 26, 2010 [DE 68] to October 26, 2010 [DE 76].

particularized need for the requested transcript. Based upon the foregoing, he does not meet the requirements for a free transcript under § 753(f). The Government's Motion to Dismiss is therefore GRANTED and Defendant's Motions for Copies of Plea and Sentencing Transcripts are DENIED.

After carefully reading Mr. Munoz-Meza's Motion, and out of an abundance of caution, the Clerk of Court is DIRECTED to send him a copy of the necessary paperwork for filing a petition under 28 U.S.C. § 2255. This Order does not mandate a response from Mr. Munoz-Meza and does not require him to complete the section 2255 paperwork, but merely provides him with information.

SO ORDERED, this the 8 day of September, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE