IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-114-BO-2
NO. 5:11-CV-589-BO

| | |
|---|---|
| JOSE ARTURO GALLEGOS-GONZALES, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the Court on Petitioner's Motion to Vacate under 28 U.S.C. § 2255 [DE 81]. Respondent has filed a Motion to Dismiss [DE 86], Petitioner responded [DE 95], and Respondent filed an Amended Response [DE 93]. Petitioner has also filed a Motion for Transcripts [DE 89]. For the following reasons, this matter will be set for an evidentiary hearing and the Federal Public Defender is directed to provide representation in this action. Respondent's Motion to Dismiss [DE 86] is DENIED. Petitioner's Motion for Transcripts [DE 89] is DENIED WITHOUT PREJUDICE, with permission for counsel to refile the motion if necessary for Petitioner's adequate representation.

## BACKGROUND

On June 8, 2010, Petitioner pleaded guilty, pursuant to a written plea agreement [DE 36], to one count of conspiracy to possess with the intent to distribute more than 100 kilograms of marijuana [DE 36]. As part of his plea agreement, Petitioner agreed to waive the right to appeal [DE 36 at 1-2]. In his plea, Petitioner acknowledged that the minimum term of imprisonment was 60 months [DE 36 at 4]. On October 26, 2010, this Court sentenced Petitioner to 48 months of imprisonment, as well as other penalties [DE 50, 53].

Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 on October 24, 2011 [DE

81], raising three claims of ineffective assistance of counsel. First, he claims that his attorney failed to file a notice of appeal, contrary to Petitioner's instructions [DE 81 at 4]. Second, he claims that his attorney failed to object to highly prejudicial evidence and "coerced and induced" him into pleading guilty [DE 81 at 5]. Third, Petitioner claims that his attorney failed to inform him of the potential immigration consequences of pleading guilty, contrary to *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010) [DE 81 at 7].

## DISCUSSION

Respondent concedes, in its Amended Response [DE 93], that factual issues are in dispute as to Petitioner's first and third grounds for relief. Petitioner's first ground depends on whether he asked his appellate counsel to file a notice of appeal and whether counsel was therefore bound so to file or to consult with Petitioner pursuant to *Roe v. Flores-Ortega*, 528 U.S. 470, 479 (2000). His third ground requires a factual determination of whether counsel advised Petitioner of the potential immigration consequences of pleading guilty. In *Padilla v. Kentucky*, the United States Supreme Court held that "counsel must inform her client whether his plea carries a risk of deportation." 130 S. Ct. 1473, 1486. If Petitioner is correct in his factual allegations, then a colorable claim of ineffective assistance of counsel has been presented on each of these grounds. Therefore, an evidentiary hearing is appropriate on these questions.

As to Petitioner's second ground for relief, Respondent argues that Petitioner has not satisfied either of the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires that Petitioner demonstrate (1) "that counsel's performance fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 694. Respondent correctly notes that "judicial scrutiny of counsel's performance must be highly

deferential." *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010). Further, courts apply a "'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004). Respondent seeks to dismiss Petitioner's claims on the ground that Petitioner stated in his plea agreement that he understood the elements of the offense to which he was pleading [DE 36 at 4], the minimum and maximum sentences for that offense [DE 36 at 4], and the authority of the Court to determine an appropriate sentence [DE 36 at 5]. Further, Respondent notes that the Petitioner's statements during the Rule 11 hearing, indicating that the plea was voluntarily made, "severely undercut Petitioner's claims of ineffective assistance of counsel" [DE 87 at 4].

In a criminal trial, defense counsel has the authority to manage most aspects of the defense without first obtaining the consent of the defendant. *United States v. Chapman*, 593 F.3d 365, 367-68 (4th Cir. 2010) (citing *Florida v. Nixon*, 543 U.S. 175, 187 (2004)). The matters that fall within counsel's discretion "primarily involve trial strategy and tactics, such as what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998). Respondent is correct to note that, "absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Attorney Gen.*, 956 F.2d 1290, 1299 (4th Cir. 1992). Because appointed counsel will investigate the effectiveness of both trial and appellate counsel for the purpose of the evidentiary hearing, the Court declines to dismiss these claims at this time and will consider them at the time of the hearing. The rigorous standards of deference applicable to trial counsel's strategy and tactics and the presumption of truth that attaches to statements made under oath will be applied at that hearing.

Pursuant to Rule 8(c) of the Rules Governing § 2255 Proceedings, because an evidentiary hearing is warranted, the Court "must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Upon review of the record, and finding that the interests of justice so require, the Court directs that representation shall be provided.

## CONCLUSION

For the reasons provided above, Respondent's Motion to Dismiss [DE 86] is DENIED. Petitioner's Motion for Transcripts [DE 89] is DENIED WITHOUT PREJUDICE, with permission for counsel to refile the motion if necessary for Petitioner's adequate representation. The Court DIRECTS the Clerk to set this matter for an evidentiary hearing, in which counsel may explore the merits of Petitioner's ineffective assistance of counsel claims. The Court DIRECTS the Office of the Federal Public Defender to appoint counsel to represent Petitioner at the evidentiary hearing. The court further ORDERS that appointed counsel file a notice of appearance within seven days from the date of entry of this Order.

SO ORDERED.
This, the __1__ day of ~~January~~ February, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE